UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-3036

Caption [use short title]: In Re Bernard L. Madoff

Motion for: Reconsideration/Reconsideration En Banc

Set forth below precise, complete statement of relief sought:

Pursuant to Local Rule 40.2 and FRAP 35+40 Appellants seek vacatur of the Court's May 21, 2026 order (Dkt entry 40.1) granting Summary Affirmance, restoration of the briefing schedule, and an order directing that the appeal proceed through ordinary briefing on the questions of law the opening brief addresses.

MOVING PARTY: Lynne Florio + Malcolm Sage

OPPOSING PARTY: Irving Picard, Trustee (Appellee)

☐ Plaintiff ☐ Defendant

☒ Appellant/Petitioner ☐ Appellee/Respondent

MOVING ATTORNEY: Lynne Florio + Malcolm Sage

[name of attorney, with firm, address, phone number and e-mail]

Apartment 14B, 45 Christopher Street New York New York 10014 (646) 642-0101 (LF) (212) 986-0161 (MS) lmflorio18@gmail.com mhsage18@gmail.com

OPPOSING ATTORNEY: Baker Hostetler by David Sheehan, Esq. Seanna Brown, Esq., James Rollinson, Esq., Lan Hoang, Esq.

Baker Hostetler 45 Rockefeller Plaza New York NY 10111 (212) 589-4200; 127 Public Sq. Suite 2600 Cleveland Ohio 44114 (216) 621-0200 dsheehan, JRollinson, SBrown, LHoang - all at Bakerlaw.com

Michael Post Gen'l Counsel SIPC Intervenor 1667 K Street NW Suite 1000 Washington DC 20066

Court- Judge/ Agency appealed from: Cote, D.

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☒ No (explain): This filing is a Motion for Reconsideration/Reconsideration En Banc under Local Rule 40.2 and FRAP 35 and 40. Prefiling notification was not provided because Appellee had moved for Summary Affirmance arguing that this appeal was frivolous and should be dismissed without briefing; under those circumstances, requesting consent for this Motion would have been futile. Opposing counsel has been served contemporaneously by US registered mail to Mr Post + by electronic mail to Mr Sheehan, Ms Brown, Mr Cremona + Mr Rollinson.

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☒ No ☐ Don't Know

Under Rule 40.2 (Local) no response may be filed unless the court directs.

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below? ☐ Yes ☒ No

Has this relief been previously sought in this court? ☐ Yes ☒ No

~~Requested return date and explanation of emergency:~~

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

Signature of Moving Attorney: Lynne Florio Malcolm Sage

Date: June 5, 2026

Service: ☒ Electronic ☒ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

Docket No. 25-3036

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

---

In Re: Bernard L. Madoff Investment Securities, LLC,

*Debtor,*

Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

*Plaintiff-Appellee,*

v.

Malcolm H. Sage, in his Capacity as Partner or Joint Venturer of Sage Associates and Sage Realty, Individually as Beneficiary of Sage Associates and Sage Realty, and as the Personal Representative of The Estate of Lillian M. Sage,

*Defendant-Appellant,*

Lynne Florio,

*Non-Party-Appellant,*

Sage Associates, Martin A. Sage, in his Capacity as Partner or Joint Venturer of Sage Associates and individually as Beneficiary of Sage Associates, Ann M. Sage Passer, in her Capacity as Partner or Joint Venturer of Sage Associates and individually as Beneficiary of Sage Associates,

*Defendants,*

SIPC,

*Intervenor.*

---

**MOTION FOR RECONSIDERATION/**
**RECONSIDERATION EN BANC**

## PROCEDURAL BACKGROUND

Pursuant to Local Rule 40.2 and FRAP 35 and 40, Appellants Lynne Florio and Malcolm Sage hereby submit this Motion for Reconsideration/Reconsideration En Banc of this Court's Order entered 5/21/2026, granting Appellee's Motion for Summary Affirmance.

On 7/1/2025 (ECF 126), Appellants filed a Rule 60(d)(3) Motion seeking to vacate the judgment entered against Malcolm as an alleged joint and several partner of Sage Associates and Sage Realty. The motion alleged that the Trustee, a court-appointed federal fiduciary, had procured the judgment through fraud on the court — including the knowing misrepresentation of Sage Associates and Sage Realty as partnerships.

On 10/8/2025 (ECF 153), Appellants filed a separate Motion to Withdraw the Reference of 23-01099 (LGB) under 28 U.S.C. §157(d). The Trustee's theory was novel: treating the IRS and the New York State Department of Taxation as mediate or immediate transferees of Madoff funds and seeking to claw back joint income tax refunds as subsequent transfers under 11 U.S.C. §§548 and 550. Resolution required substantial consideration of both the Bankruptcy Code and the Internal Revenue Code — placing the proceeding within the mandatory-withdrawal category §157(d) defines. The withdrawal motion shared substantial record and legal questions with the pending Rule 60(d)(3) Motion, including the partnership theory at the heart of both.

On 10/16/2025, Judge Cote denied both the Rule 60(d)(3) Motion (ECF 155) and the Motion to Withdraw the Reference (ECF 156). On 11/4/2025, Judge Cote denied Appellants' Motion for Reconsideration (ECF 163). On 11/24/25,

Appellants filed a Notice of Appeal and on 12/3/25, a Statement of Issues on Appeal. Opening brief was due 3/10/26. The Trustee's Motion for Summary Affirmance, filed 1/30/26, was granted 5/21/26 — before the opening brief was filed.

## RULE 40(b)(2) STATEMENT

This Motion presents grounds under FRAP 40(b)(2)(A), (B), and (D), and identifies issues the panel misapprehended or overlooked. The panel decision conflicts with this Court's controlling articulation of when summary affirmance is available, *United States v. Davis,* 598 F.3d 10, 13–14 (2d Cir. 2010), which holds that summary affirmance is *"a rare exception to the completion of the appeal process," "available only if an appeal is truly 'frivolous.'"*

The panel decision also conflicts with *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), which preserves the federal courts' historic equitable power to set aside judgments procured through fraud on the court — a power the disposition narrows by foreclosing review of documented fiduciary misconduct before any opening brief is filed.

And the proceeding involves questions of exceptional importance: (1)whether Rule 60(d)(3) and *Hazel-Atlas* reach knowing misconduct by a court-appointed SIPA fiduciary whose authority derives from a judicial order under 15 U.S.C. §78eee(b)(3); and (2) whether the equitable doctrine of unclean hands — which *"closes the doors of a court of equity to one tainted with inequitableness or bad faith," Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806, 814 (1945); *see also Motorola Credit Corp. v. Uzan,* 561 F.3d 123, 129 (2d Cir. 2009) (applying *Precision Instrument*) — bars a court-appointed

federal fiduciary from invoking summary affirmance to foreclose review of his own documented misconduct.

## FURTHER EVIDENCE OF FRAUD ON THE COURT FOR THE PANEL'S RECONSIDERATION TO REVERSE ITS DECISION AND ALLOW BRIEFING — THE TRUSTEE'S FALSE FILING OF DOCUMENTS IN APPELLANTS' NAMES

Counsel for a court-appointed federal fiduciary caused a federal civil case to be opened in Appellants' names — on a docket Appellants neither created nor controlled, with documents Appellants did not file, the very day after the District Court had denied the motion the same documents purported to bring. Counsel then litigated the false filing *as if* Appellants had brought it. Three months later, the same counsel filed in this Court the Motion for Summary Affirmance the Court granted on 5/21/2026 — a Motion that *erased* the false filing from the procedural history given to this Court, while having relied on that same filing in another forum to accuse Appellants of forum shopping. (Brown Mem. in Opp'n, 25-cv-08627, ECF 2 at 18-19.)

The conduct documented in Section I is fraud on the court within the meaning of *Hazel-Atlas.* If the disposition stands — if a court-appointed fiduciary may engineer a federal docket entry in an adversary's name and then obtain procedural foreclosure of the very appellate review that would expose it — then Rule 60(d)(3) and the historic power of equity have no content. That is the question this Motion presents.

### I. BakerHostetler Opened a Federal Case in Appellants' Names.

BakerHostetler caused a federal case to be opened on the District Court docket in Appellants' names. Appellants did not file that case. When the false filing became visible, the same firm told two federal courts in writing that Appellants were the actor — first telling Judge Gardephe that Appellants had filed the Motion (Brown Mem. in Opp'n, 25-cv-08627, ECF 2 at 1), then telling this Court that Appellants had withdrawn it (Brown Decl., 25-3036, Dkt. Entry 28.1 at 11 n.2). Neither was true. The October 17 docket entry in 25-cv-08627 was not Appellants' filing. It was BakerHostetler's.

The evidence is as follows:

On 10/8/2025, Appellants prepared a Motion to Withdraw the Reference from the Bankruptcy Court to the SDNY. The package included a Notice of Motion, Motion, Memorandum of Law, two exhibits, a Proposed Order, and Certificate of Service. At 4:04 PM, Malcolm hand-delivered the wet-signature originals to the Pro Se window of the SDNY. At 6:57 PM, Malcolm emailed conformed slash-s versions of what he'd filed to four attorneys at BakerHostetler — Rollinson, Brown, Sheehan, and Cremona — as service copies.

After 6:57 PM on 10/8/2025, the conformed slash-s versions existed in electronic form only in BakerHostetler's possession. Appellants have no electronic case filing access. They file by hand-delivery to the Pro Se window only.

On 10/14/2025, Brown wrote jointly to Judge Cote and Judge Gardephe declining to answer the 10/8/2025 Motion in Cote's court. (20-cv-10057, ECF 154.)

On 10/16/2025, Judge Cote denied both the Motion to Withdraw the Reference and the Rule 60(d)(3) Motion that is the order on appeal here.

On 10/17/2025 — the day after Judge Cote's adverse rulings — a new federal case was opened on the District Court docket at 25-cv-08627. The case was assigned to Judge Gardephe. The caption identified Appellants as plaintiffs. The case was opened in their names. They did not file it. They did not authorize anyone to file it. They did not pay the filing fee or visit the courthouse on 10/17/2025.

The documents on the 25-cv-08627 docket are the conformed slash-s versions that, after 6:57 PM on 10/8/2025, were held only by BakerHostetler. The captions on those documents reference 20-cv-10057 — Judge Cote's case number, where they had actually been filed. The Motion and Affirmation of Service filed on Judge Gardephe's docket were the unsigned conformed copies, that Malcolm had served on BakerHostetler nine days earlier.

The Pro Se intake window where Appellants file by hand requires a signed Certificate of Service before it accepts a filing. The Motion and Certificate of Service on 25-cv-08627 were unsigned. The Pro Se window would have rejected either defect.

Refiling before Judge Gardephe on 10/17/2025 — the day after losing in Cote's court, — was strategically pointless. Appellants had no rational reason to refile the identical motion Judge Cote had denied the day before. They had nothing to gain. They had everything to lose.

The federal electronic case filing system records metadata identifying who opened the case and who paid the filing fee. That metadata exists. It is accessible to the District Court and to proper authorities. It is not accessible to Appellants.

Papers do not file themselves. The case was opened, and filed by someone and the filing fee was paid for by someone. The conformed slash-s versions of those papers were in BakerHostetler's exclusive possession after 6:57 PM on

10/8/2025. The case was opened the day after Judge Cote's adverse rulings. The conclusion the metadata will support is the conclusion the structural facts already compel.

On 10/31/2025, Seanna Brown of BakerHostetler — counsel for the Trustee — filed a twenty-five-page Memorandum of Law in Opposition on the 25-cv-08627 docket, opposing the unsigned Motion. The Memorandum opened by stating in writing to Judge Gardephe that the motion before him had been *"filed by Malcolm Sage and his spouse Lynne Florio."* (Brown Mem., ECF 2 at 1.) That was false. Appellants had not filed the motion. The conformed slash-s copies on the docket had been in BakerHostetler's exclusive possession since 6:57 PM on 10/8/2025. The motion was unsigned. The Certificate of Service was unsigned. As an officer of the court, Brown was on notice of the irregularity and was obligated to verify the authenticity of an unsigned filing before responding to it. She did not bring it to Judge Gardephe's attention. Instead, she litigated the matter *as if* Appellants had brought it.

On 11/6/2025, having been served with Ms. Brown's response, Appellants filed a letter with Judge Gardephe and a Notice of Irregular Docketing and Motion to strike in 25-cv-08627. At the time, they thought it was some inexplicable clerical error, because they had not yet realized that the documents on the docket were not the wet-signed originals they had filed but the unsigned conformed copies they had served on BakerHostetler — typos and all.

They did not withdraw a motion. They asked that the docket entries be struck as void *ab initio* and that the case be closed as opened in error. Judge Gardephe's December 24, 2025 Order granted that relief, terminating the motion

and closing the case. The Order used the passive voice — the case "was re-docketed" — and did not identify who opened it or who paid the filing fee.

On 1/30/2026, Brown filed in this Court a Declaration in support of the Motion for Summary Affirmance the Court granted on 5/21/2026. The Declaration stated, under penalty of perjury, that *"Appellants withdrew the previously filed motion to withdraw the reference before District Judge Paul G. Gardephe."* (Brown Decl., Dkt.Entry 28.1 at 11 n.2.) That too was false. Appellants did not file the motion in 25-cv-08627 and did not withdraw it. The Declaration's representation transformed Appellants' administrative-correction request into Appellants' withdrawal of their own filing — a transformation that gave this Court a procedural history in which Appellants owned a docket they had never controlled.

There is no other plausible explanation. The conformed slash-s copies were in BakerHostetler's exclusive possession. The ECF access was theirs. Two weeks earlier, Brown had told Judge Cote she would not answer the motion. Then she wrote 25 pages opposing the same motion on a brand-new docket. An innocent party does not reverse course that way. The two false attributions — Appellants filed it, Appellants withdrew it — were made by the same office in two different forums to lock in a procedural history that could not exist any other way. This is the same firm that has sustained a partnership theory legally impossible under § 10 of the New York Partnership Law, invented a novel tax theory against Lynne when the partnership theory could not be sustained against her, and pivoted to a DCL § 273-a marital-transfer theory against Lynne when the first theory faltered in the Bankruptcy Court (Adv. Pro. 23-01099). Each of those acts was theirs. So is this one. The cover-up confirms it. Papers do not file themselves.

## II. The Conduct Documented in Section I Is Fraud on the Court Within *Hazel-Atlas.*

Rule 60(d)(3) preserves a court's power to set aside a judgment obtained through fraud on the court — *"a wrong against the institutions set up to protect and safeguard the public."* *Hazel-Atlas,* 322 U.S. at 246. This Court has held that fraud on the court requires clear and convincing evidence that the actor *"interfered with the judicial system's ability to adjudicate impartially"* and *"prevented [the movant] from fully and fairly presenting his case at trial." Mazzei v. The Money Store,* 62 F.4th 88, 94 (2d Cir. 2023).

Neither *Hazel-Atlas* nor *Mazzei* has been applied in this Circuit to a court-appointed federal fiduciary whose authority derives from a judicial order under 15 U.S.C. § 78eee(b)(3) and especially not one who falsified court records. That is the en banc question of exceptional importance this Motion presents. The Trustee is a court-appointed officer. BakerHostetler is court-appointed counsel. They owe duties of candor and integrity that ordinary litigants do not owe — duties that follow them into every forum, including the New York Supreme Court action they brought to seize Appellants' home.

The District Court declined to engage that question. Judge Cote's opinion denying 60(d)(3) relief never once used the words "fiduciary" or "officer of the court." Nor did Judge Cote once cite *Hazel-Atlas,* the foundational Supreme Court decision on fraud on the court, in either the initial opinion or the Reconsideration Order. The court instead evaluated the allegations as though they concerned ordinary adversarial misconduct, citing cases involving private litigants. A district court resolving a 60(d)(3) motion against a court-appointed federal fiduciary

without engaging *Hazel-Atlas* or the fiduciary status of the actor commits legal error as a matter of law.

The Trustee's opposition to the 60(d)(3) motion confirms the error. In 27 pages, Trustee's counsel never once acknowledged his status as a court-appointed fiduciary, characterizing him instead as merely *"an adverse party in an adversarial system,"* (Trustee Mem. in Opp'n, 20-cv-10057, ECF 136 at 19.) and characterizing his conduct as *"exactly what is expected in the normal adversary process."* (*Id.* at 20.) A court-appointed federal fiduciary who disclaims fiduciary status when accountability is demanded presents the en banc question himself.

*Hazel-Atlas* developed its doctrine to reach exactly the conduct documented in Section I. A court-appointed officer engineering a federal docket entry in his adversary's name, using documents from his counsel's exclusive possession, on the day after the adverse rulings the entry was designed to circumvent, while using that false filing to support a forum-shopping accusation in one forum and erasing it from the procedural history given to another forum — that is not adversary conduct. That is conduct that *"subverts the integrity of the court itself." Gleason v. Jandrucko,* 860 F.2d 556, 560 (2d Cir. 1988). It is the exact conduct *Hazel-Atlas* and 60(d)(3) exist to reach.

The unclean hands doctrine confirms the same conclusion through an independent equitable bar. Summary affirmance is itself an equitable mechanism — a *"rare exception to the completion of the appeal process," Davis,* 598 F.3d at 13. The party who invokes equity must have clean hands. As the Supreme Court has held, the clean hands doctrine *"is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief."*

*Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806, 814 (1945). This Court has applied *Precision Instrument* to deny equitable relief under Rule 60(b) where a party's conduct in the matter at issue precluded the relief sought. *Motorola Credit Corp. v. Uzan,* 561 F.3d 123, 127 (2d Cir. 2009). The same principle applies here in inverse posture: a court-appointed federal fiduciary whose conduct includes causing a federal docket entry to be opened in his adversary's name, and then leveraging that false filing to support a forum-shopping accusation in one forum while erasing it from the procedural history given to another, may not invoke the equitable mechanism of summary affirmance to foreclose review of that very conduct. The doctrine of unclean hands, on these structural facts, is itself sufficient ground to vacate the 5/21/2026 Order.

The Motion for Summary Affirmance was the culmination of the same course of conduct the underlying 60(d)(3) motion sought to expose. The disposition Motion challenges, if it stands, establishes the following rule for this Circuit: a court-appointed federal fiduciary may engage in conduct that passes any limit, may include in that conduct the *falsification* of a federal docket entry in his adversary's name, and may then insulate the conduct from appellate review by moving for summary affirmance before the appellate submission is filed. The doctrine of fraud on the court survives theoretically in form. In operation, it has been given the death penalty. That cannot be the law of this Circuit. The doctrine of fraud on the court is the safeguard that distinguishes adjudication from its corruption. If a court-appointed fiduciary may invoke summary affirmance to foreclose review of his own misconduct, then Rule 60(d)(3) has no content, and the question — whether the doctrine reaches such a fiduciary at all — has already been answered in the negative, *sub silentio,* by a summary order entered before the opening brief was filed. That is the answer the full Court should review.

## III. The False Filing Is the Apex of a Documented Pattern.

The conduct documented in Section I did not occur in isolation. It is the latest move in a pattern this Trustee and his counsel have established since they sued Malcolm in 2010, across multiple forums.

The predicate is the partnership theory itself. The Trustee obtained the $16,880,000 judgment by advancing a theory of joint and several liability against Malcolm as an alleged general partner of Sage Associates and Sage Realty. Under New York Partnership Law §10, a partnership requires that the entity *"carry on as co-owners [of] a business for profit."* The Sage Associates and Sage Realty tax returns reported zero business income, zero business losses, and zero business assets on every page-one Form 1065 across all years. No business existed. The partnership theory was legally impossible under New York law. The Trustee knew it was legally impossible, because the tax returns establishing the impossibility were his own trial exhibits.

To maintain the theory in the face of that impossibility, the Trustee advanced the proposition that the mere filing of a Form 1065 was conclusive evidence of partnership status. To support that proposition the Trustee cited *Czernicki v. Lawniczak,* 74 A.D.3d 1121 (2d Dep't, 2010). The actual *Czernicki* holding, at page 1125, is fact-bound to the operating real-estate partnership in that case: *"the parties are bound by the representations made in the partnership tax returns."* The Trustee's December 2022 reply brief in the prior appeal rendered that holding in parenthetical form, without quotation marks, as "parties bound to representations made in federal partnership returns" — converting it into a generalized rule that filing a Form 1065 is itself conclusive of partnership status. This Court's August 2023 summary order then quoted the *Czernicki* holding with the

word *"the"* replaced by an ellipsis: *"parties are bound by the representations made in . . . partnership tax returns."* That ellipsis converted *Czernicki* into the categorical rule the Trustee advanced. In the 1/30/2026 Motion for Summary Affirmance — granted on 5/21/2026 — Brown's Declaration at ¶16 deployed the laundered rendering back at this Court, citing this Court's own prior order as authority for a proposition the Trustee knew *Czernicki* did not support. The same fraud on the court that secured the prior summary order was then used to secure the Order of Summary Affirmance. That is fraud on the court committed by a court-appointed federal-fiduciary, in this Court, twice.

The specific misrepresentations follow the same pattern. In a Verified Petition filed in New York Supreme Court, the Trustee swore under oath that Malcolm Sage was a *"successful real estate developer in brownstone buildings in New Jersey."* (Verified Petition, Index No. 156861/2025, ¶ 11 at 3.) That sworn statement was contradicted by the Trustee's own trial exhibits and by Malcolm's personal tax returns — which show that Malcolm was a practicing attorney who has never earned a single dollar from real estate development. The falsehood, never retracted after being exposed in writing, was submitted and later resubmitted to Justice Paul Goetz in *Picard v. Sage and Florio,* Index No. 156861/2025, an action the Trustee brought to authorize the New York Sheriff to seize the home Appellants have lived in for thirty-three years.

In the final seconds of oral argument before this Court in the prior appeal, the Trustee's counsel stated that Malcolm had withdrawn "$28 million" from Sage Associates, "$10 million of which was withdrawn in April 2008." Both figures were total account withdrawals shared equally among three participants. The statement overstated Malcolm's share by a factor of three. The Court was not given an opportunity to correct the record.

In the bankruptcy adversary proceeding against Lynne and Malcolm, the Trustee's counsel stated that *"Florio declared on her joint tax returns, under penalty of perjury, that she was a general partner of Sage Realty."* (Trustee Mem., 23-01099, ECF 32 at 19.) That statement was false on its face. There is no line on any federal or state tax return where a taxpayer can declare partnership status.

The pattern is consistent and the actor is the same: a court-appointed federal fiduciary, advancing legally impossible theories and factually false propositions, in proceedings reaching from this Court to the Bankruptcy Court to the New York Supreme Court. The conduct documented in Section I is the apex of that pattern, not a departure from it.

## IV. The Panel Declared the Appeal Frivolous Without Reading the Opening Brief.

The Order granted summary affirmance on the basis that the appeal *"lacks an arguable basis in either law or in fact."* As set forth above, the *Davis* standard — *"rare exception,"* available only if *"truly frivolous"* — cannot be met on this record. *Davis* itself denied summary affirmance, observing that arguments *"to the effect that the position advanced by Davis is clearly wrong belong in an opposition brief."* 598 F.3d at 14.

Briefing was stayed pending disposition of Appellee's Motion for Summary Affirmance. On 2/19/2026, Appellants moved for 4,000 additional words — a signal of complexity even before the brief was filed. The 5/21/2026 Order issued before briefing reopened.

The Court declared the appeal frivolous without the opening brief the Federal Rules contemplate. The Trustee's characterization became the record on which the disposition rested. *Davis* cannot bear that weight.

The Order's other authorities — *Neitzke v. Williams,* 490 U.S. 319 (1989) (the source of the May 21 Order's "arguable basis" formulation, 490 U.S. at 325), and *Pillay v. INS,* 45 F.3d 14 (2d Cir. 1995) — arose under 28 U.S.C. § 1915(d), the *in forma pauperis* screening statute, and have not been applied in this Circuit to a Rule 60(d)(3) appeal involving a court-appointed federal fiduciary. In *Pillay,* this Court *"caution[ed] the bar that overreaching attempts to dismiss appeals as frivolous, like excessively zealous claims that adversary counsel should be sanctioned, will not be accorded a friendly reception by this court."* 45 F.3d at 17.

The relief Section I makes essential — vacate the Order, restore the briefing schedule, and direct that the appeal proceed through ordinary briefing — does not require the panel to make new law. It requires only the application of *Davis* to a record that, unlike the one the panel had, includes the opening brief *Davis* assumes.

## Conclusion

Appellants ask the Court to grant reconsideration en banc under Local Rule 40.2 and FRAP 35 to consider the application of Rule 60(d)(3) and *Hazel-Atlas* to a court-appointed federal fiduciary who has engineered procedural foreclosure of the appellate review that would expose his own misconduct. In the alternative, or in addition, Appellants ask the Court to grant panel reconsideration under Local Rule 40.2 and FRAP 40, vacate the 5/21/2026 Order, and direct that the appeal proceed through ordinary briefing on the questions of law the opening brief addresses.

Dated: June 5, 2026
New York, New York

Respectfully submitted,


Lynne Florio, Pro Se Appellant
Apartment 14B
45 Christopher Street
New York, New York 10014
(646) 642-0101 | lmflorio18@gmail.com

Malcolm Sage, Pro Se Appellant
Apartment 14B
45 Christopher Street
New York, New York 10014
(212) 986-0101 | mhsage18@gmail.com


**Certificate of Compliance**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Rule 40(d)(3), Appellants certify that this Motion contains 3,876 words, excluding the parts exempted by Rule 32(f), and complies with the type-volume limitation. This Motion has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font and complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6).

Dated: June 5, 2026

Lynne Florio, Pro Se Appellant

Malcolm Sage, Pro Se Appellant

## Certificate of Service

I, Lynne Florio, certify that on June 5, 2026, I served a true and correct copy of this Motion for Reconsideration/Reconsideration En Banc upon counsel for the Trustee, Baker & Hostetler LLP, by filing the foregoing document with the Clerk of the Court of Appeals for the Second Circuit, which will cause electronic notification to all registered ECF participants, and by electronic mail to Seanna Brown (sbrown@bakerlaw.com), David Sheehan (dsheehan@bakerlaw.com), Lan Hoang (lhoang@bakerlaw.com), and James Rollinson (jrollinson@bakerlaw.com); and upon Michael L. Post, Esq., CEO/President/General Counsel, SIPC, 1667 K Street NW, Suite 1000, Washington, D.C. 20006, via registered mail.

Dated: June 5, 2026

Lynne Florio

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

In Re Barnard L Madoff
Sage + Florio
v.
Irving Picard

CERTIFICATE OF SERVICE*

Docket Number: 25-3036

I, Lynne Florio (print name), hereby certify under penalty of perjury that on June 5, 2026 (date), I served a copy of Motion for Reconsideration/ Reconsideration en banc + Letter to the Clerk of the Court (list all documents)

by (select all applicable)**

___ Personal Delivery

X United States Mail Michael Post

___ Federal Express or other Overnight Courier

___ Commercial Carrier

✓ E-Mail (on consent) David Sheehan, Lan Hoang, Semna Braun, James Rollinson

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| David Sheehan Esq. | Baker Hostetler | 45 Rockefeller Plaza | NY NY | 10111 |
| Semna Brown Esq. | Baker Hostetler | same as above | | |
| Lan Hoang Esq | Baker Hostetler | same as above | | |
| James Rollinson Esq. | Baker Hostetler | 127 Public Square Suite 2000 | Cleveland OH | 44114 |
| Michael Post | President Gen Counsel SIPC | 1667 K ST NW Suite 1000 | Washington | DC 20006 |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

June 5, 2026
Today's Date

[signature]
Signature